UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHNNY JOYNER<br><br>On behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOLVAY PHARMACEUTICALS, INC.<br><br>Defendant. | Civil Action No. 3:10CV36<br><br>Collective Action Complaint<br><br>Jury Trial Demanded |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Johnny Joyner, on behalf of himself and all other current and former similarly situated employees of Defendant Solvay Pharmaceuticals, Inc. ("Solvay"), brings this action to recover damages from Solvay for violating sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, (52 Stat. 1060, as amended, 29 U.S.C. § 201, et seq.) (hereinafter referred to as "FLSA" or "the Act") by refusing to pay overtime. Mr. Joyner seeks, *inter alia*, an injunction to restrain the withholding of any overtime compensation found to be due to any of the employees of Solvay pursuant to the Act, for a judgment in the total amount of back wage compensation due plaintiff and all similarly situated employees who have not been properly paid overtime for the past three year period together with an equal amount of liquidated damages pursuant to section 16(c) of the Act, and for such other further relief, including declaratory relief and attorneys' fees and costs, as may be necessary and appropriate.

## Introduction

1. This is a representational action to recover unpaid wages due employees of Solvay who have been employed or otherwise worked for Solvay as "sales representatives" or "professional sales representatives" and who were not paid overtime in accordance with the FLSA.

2. Solvay has followed a uniform, company-wide policy of classifying employees similar to Joyner in the position of "sales representative" or "professional sales representative" as exempt from the overtime requirements of the FLSA.

3. Solvay employees in the position "sales representative" or "professional sales representative" are entitled to be paid overtime under the FLSA.

4. Plaintiff brings this collective action pursuant to 29 U.S.C. § 216(b) for violations of the FLSA on behalf of himself and other current and former similarly situated employees of Defendant, who may join, or "opt in" to, this action by filing a consent to join with this Court. Those similarly situated current and former employees who have filed a consent to join will be referred to herein as the "Opt In Plaintiffs."

5. Solvay has been sued in a similar, related case in the past in this Court (*Leslie v. Solvay Pharmaceuticals, Inc.*, 3:08-cv-019 (E.D. Va.)).

6. Despite this former suit complaining of the misclassification of such similarly situated employees, Solvay has continued its uniform, company-wide practice of classifying employees employed as "sales representative" or "professional sales representative" as exempt from the FLSA's overtime requirements.

7. Solvay's ongoing refusal to pay overtime to its "sales representatives" or "professional sales representatives" constitutes a willful violation of the FLSA.

## Jurisdiction and Venue

8. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the Act, 29 U.S.C. § 216, 217, and by 28 U.S.C. §§ 1331 and 1332.

9. Venue is proper in this district because Plaintiff has been employed by Solvay within the geographical area of the Richmond Division of the United States District Court for the Eastern District of Virginia. Venue is also proper in this district because there is personal jurisdiction in this district over Defendant, and personal jurisdiction exists over Defendant within the geographical area of the Richmond Division of the United States District Court for the Eastern District of Virginia. Presently and at all times, Defendant has conducted substantial, continuous and systematic commercial activities in this district and within the geographical area of Richmond Division of the United States District Court for the Eastern District of Virginia. Venue therefore is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c).

## Parties

10. Johnny Joyner is a resident and citizen of Virginia. Joyner consents to be a party to this action pursuant to the consent attached hereto as Exhibit A, which is hereby filed with the Court.

11. Joyner is a representative of all other similarly situated current and former employees of Solvay.

12. Defendant Solvay is a corporation organized and existing under the laws of the State of Georgia, with its headquarters in Marietta, Georgia.

13. Solvay was the employer of Plaintiff and the other putative opt-in employees.

## Defendants' Enterprise and Violation of the FLSA

14. At all times hereinafter mentioned, Solvay was engaged in the development and manufacture of pharmaceutical compounds. Such activities directly affect interstate commerce, and Defendant's employees are engaged in such interstate commerce. During the course of their employment, Defendant, Plaintiff and the Opt-in Plaintiffs were engaged in interstate commerce.

15. Plaintiff Joyner and other employees of Defendant crossed state lines to perform their job.

16. At all times hereinafter mentioned, Defendant has employed employees in and about its places of business in the activities of an enterprise engaged in commerce or the production of goods for commerce, including employees handling or otherwise working on goods or materials that have been moved in or produced for commerce. This enterprise has, and at all times hereinafter mentioned has had, an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees at issue have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of section 3(s)(l)(A) of the Act, 29 U.S.C. §203(s)(l)(A).

17. Defendant is an employer and enterprise engaged in interstate commerce and has been subject to the minimum wage and overtime requirements of the FLSA for no less than the past three years, continuing to the present.

18. For no less than the last three years, Solvay has had actual knowledge that it is an employer and enterprise subject to the minimum wage and overtime requirements of the FLSA.

19. Since January 1, 2006, Defendant has failed to pay all employees within the United States, including Plaintiff, who are or have been employed as "sales representative" or

"professional sales representative" one and one-half times their regular rate of pay for time worked in excess of 40 hours per workweek (i.e., "overtime").

20. Since January 1, 2006, Defendant has classified all of its employees within the United States, including Plaintiff, who are or have been employed as "sales representative" or "professional sales representative" as exempt from Section 7 of the FLSA and, therefore, has not and does not pay them one and one-half times their regular rate of pay for time worked in excess of 40 hours per workweek (i.e., "overtime").

21. Defendants have generally paid Plaintiff and the Putative Collective Action Members a salary for their hours worked.

22. Solvay has violated the FLSA by (a) willfully failing and refusing to pay its "sales representatives" or "professional sales representatives" one and one-half times their regular rate of pay for each hour worked more than forty (40) in a workweek; (b) willfully misclassifying them as exempt from the overtime pay requirements of the FLSA; and ( c) willfully failing to maintain accurate records of their time records as required under the FLSA.

23. Because the records required to fully and accurately determine Plaintiff Joyner's and the Opt-In Plaintiffs' wages resulting from the acts and omissions of Solvay are or should be in the possession of Solvay, and federal and state laws require Solvay to maintain these records, the Plaintiffs are unable to determine the exact amount of their damages claimed herein as of the filing of this Complaint.

24. Solvay has willfully violated the FLSA by failing to keep accurate time records of all hours worked by Joyner and other similarly situated employees.

25. Solvay has not acted in good faith with respect to its failure to pay overtime compensation to its "sales representatives" or "professional sales representatives."

26. Solvay had no reason to believe its actions and omissions complied with the FLSA.

27. Plaintiff Joyner and the Opt-In Plaintiffs and all similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation awarded.

## Class of Similarly Situated Employees

28. Johnny Joyner has been employed by Solvay since at least 2001.

29. Johnny Joyner has held the position of sales representative or professional sales representative since at least 2001.

30. At all times relevant to the complaint Solvay classified Johnny Joyner as exempt from the requirements of Section 7 of the FLSA and has not paid him one and one-half times his regular rate of pay for time worked in excess of 40 hours per week (i.e., "overtime").

31. Plaintiff Joyner is entitled to one and one-half times his regular rate of pay for time worked in excess of 40 hours per week (i.e., "overtime") under Section 7 of the Act.

32. Although Defendant Solvay gave Joyner the job title "Sales Representative" or "Professional Sales Representative," Joyner did not attempt to sell or actually sell Solvay's products, or otherwise consummate a single sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition of Solvay's products during the entirety of his employment with Solvay.

33. During his employment with Solvay, Joyner's primary job duty was to promote Solvay's pharmaceutical products to physicians in the Richmond, Virginia area. Joyner's job duties consisted of promoting Solvay's pharmaceutical products by:

    a. Calling on licensed physicians to promote the benefits of Solvay's pharmaceutical products;

    b. Providing free samples of Solvay's products to physicians in order to provide them to patients;
    c. Providing breakfast and/or lunch to physicians and their staff;
    d. Providing promotional materials to physicians and their staff; and
    e. Entertaining physicians, such as by taking them to dinner; and
    f. Organizing dinner "Programs", which were banquet events provided to an audience of doctors for the purpose of entertaining while educating them on matters of importance to Solvay.

34. Solvay required Joyner to perform these promotional duties from no later than 9:00 a.m. until no sooner than 5:00 p.m. Monday through Friday. As a result, Joyner often worked from 9:00 a.m. to 5:00 p.m. without any break.

35. In addition to this promotional work, Solvay required Joyner to perform other job duties, but did not permit him to perform this required work during the 9:00 a.m. to 5:00 p.m. time period. These other job duties consisted of providing to his supervisor detailed daily activity reports, which included specific detailed information such as the physicians he visited, the number of samples he left, the key notes of his meetings, and the order in which he promoted Solvay's products; preparation and organization of his promotional work for the next business day; participation in training regarding Solvay's pharmaceutical products; preparation and participation in quarterly Promotion and Advertisement meetings; preparation and participation in Annual Sales Meeting; preparing and conducting seminars; performing data entry of his daily activities; and providing a detailed plan of his activities for the next work day to his supervisor.

36. Since January 1, 2006, employees of Defendant Solvay other than Plaintiff Joyner have been employed throughout the United States by Defendant Solvay as "sales representatives" or "professional sales representatives."

37. These other employees of Defendant Solvay that have been employed throughout the United States by Defendant Solvay as "sales representatives" or "professional sales representatives." have job duties similar to Plaintiff Joyner's.

38. Since January 1, 2006, Defendant has not paid any employees within the United States, including Plaintiff, who are or have been employed as "sales representative" or "professional sales representative" any overtime; that is, it has refused to pay them one and one-half times their regular rate of pay for time worked in excess of 40 hours per workweek.

39. Since January 1, 2006, Defendant has classified all of its employees within the United States, including Plaintiff, who occupy or occupied the position of "sales representative" or "professional sales representative" as exempt from Section 7 of the FLSA for the time each employee was in that position and, therefore, has not and does not pay them one and one-half times their regular rate of pay for time worked in excess of 40 hours per workweek (i.e., "overtime").

40. At all times relevant herein, Defendant Solvay has compensated Plaintiff and the Opt-In Plaintiffs based on an annual salary and a bonus that was determined based on the number of prescriptions written by the physicians to whom Joyner promoted Solvay's products.

41. Not all prescriptions written for Solvay's products are actually filled.

42. All Solvay employees within the United States, including Plaintiff, who occupy or occupied the position of "sales representative" or "professional sales representative" are similarly situated to Plaintiff Joyner based on Solvay's uniform misclassification of these employees as exempt from overtime under Section 7 of the Act and based on their pay under the same compensation plan.

43. Defendant Solvay has misclassified all of its employees within the United States, including Plaintiff, who occupy or occupied the position of "sales representative" or "professional sales representative" as exempt from the overtime requirements of Section 7 of the FLSA.

44. An appropriate definition of the potential collective action group of similarly situated employees of Defendant is as follows:

> All employees in the position of "sales representative" or "professional sales representative" who have been employed by Solvay during the relevant time period who were not paid an overtime premium for hours worked in excess of forty (40) per week.

45. Plaintiff is an appropriate class representatives for the purposes of this Court conditionally certifying an "opt-in" collective action under Section 16(b) of the Act, 29 U.S.C. § 216(b), and approving a notice of the action to be sent to putative collective action members because Plaintiffs' claims of unpaid wages are the same or similar to the claims of other putative collective action members.

46. Plaintiff expects to obtain and file with this Court additional written consents of current or former employees of Defendant who are within the collective action described above.

47. There is no conflict between Plaintiff's claims of unpaid wages and the claims of unpaid wages of other nonexempt, hourly employees of Defendant who are similarly situated to Plaintiff.

48. Plaintiff's counsel are experienced labor and employment attorneys who have regularly represented clients in "opt-in" unpaid wage cases and are capable of representing all of Defendant's non-exempt, hourly employees who are similarly situated to Plaintiff and who file written consents to join this action.

## COUNT I – Fair Labor Standards Act Violation

49. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 48 as is fully restated herein.

50. Plaintiff Joyner and the putative Opt-In Plaintiffs' positions with Defendant were non-exempt under the Act in that they should have been paid overtime under Section 7 of the Act, 29 U.S.C. § 207.

51. During his or her employment with Solvay, Plaintiff Joyner and each putative Opt-In Plaintiff regularly and routinely works or worked in excess of forty (40) hours in a workweek and should have been paid one and one-half times his or her regular rate of pay for each hour worked in excess of forty (40) in the workweek pursuant to Section 7 of the FLSA, 29 U.S.C. § 207.

52. Plaintiff Joyner and the putative Opt-In Plaintiffs were not paid properly for work time in excess of 40 hours per workweek in accordance with the FLSA.

53. Under Solvay's pay practices and policies, Solvay misclassified Plaintiff Joyner and the putative Opt-In Plaintiffs as exempt from the overtime pay requirements, and refused to pay Plaintiff Joyner and the Opt In Plaintiffs their overtime rate of pay for hours worked more than forty (40) in a workweek.

54. Defendant Solvay has repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act by employing Plaintiff Joyner and the putative Opt-In Plaintiffs for workweeks longer than those prescribed by section 7 of the Act, without compensating these employees for their employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were employed.

55. Solvay's misclassification of Plaintiff Joyner and Opt In Plaintiffs and refusal to pay them their overtime rate of pay for each hour worked more than forty (40) in a workweek violated and continues to violate the overtime pay requirements of Section 7 of the Act, 29 U.S.C. § 207.

56. With its conduct as described herein, Defendant Solvay permitted Plaintiff Joyner and all other similarly situated employees to work overtime without the proper overtime compensation due them, in willful violation of the Act.

57. Defendant Solvay is liable to Plaintiff Joyner and all other similarly situated employees for unpaid overtime compensation and an equal amount of liquidated damages under section 16(c) of the Act, 29 U.S.C. §216.

58. Defendant Solvay and officers employed by Defendant were aware that Plaintiff Joyner and the putative Opt-In Plaintiffs worked beyond 40 hours in some workweeks but were not compensated pursuant to Section 7 of the Act for all hours worked in excess of 40 hours in those workweeks.

59. Defendant condoned and benefited from the performance of such extra work time by Plaintiff Joyner and the putative Opt-In Plaintiffs.

60. Upon information and belief, Defendant knew of its duty and obligation to pay proper overtime wages for the hours worked in excess of 40 hours per work week, and Defendant knowingly failed and refused to follow the lawful requirements. Defendant's acts and omissions constitute willful violations which entitle Plaintiff and the putative Opt-In Plaintiffs to liquidated damages.

61. Solvay's violation of the FLSA's overtime pay requirements was willful, and Plaintiff and each of the Opt In Plaintiffs is entitled to recover all unpaid overtime earned during the three year period immediately preceding the date of the filing of this Complaint, or the date of the filing of Plaintiff's or the Opt In Plaintiff's consent to become a party to this action, pursuant to 29 U.S.C. § 255(a), as well as for any time periods for which the statute of limitations is tolled.

62. Plaintiff and each of the Opt In Plaintiffs is entitled to an award of all unpaid overtime compensation earned under 29 U.S.C. § 207.

63. Plaintiff and each of the Opt In Plaintiffs is entitled to an award of an additional amount equal to the amount of his or her unpaid overtime compensation award as liquidated damages pursuant to 29 U.S.C. § 216(b).

64. Plaintiff and each of the Opt In Plaintiffs is entitled to an award of his or her costs and reasonable attorneys' fees associated with this action pursuant to 29 U.S.C. § 216(b).

65. As a result of the foregoing willful unlawful conduct on the part of Defendant, Plaintiff and the Opt-In Plaintiffs have suffered damages in that they have not received proper overtime wages. Plaintiffs further seek liquidated damages equal to the wages due but not paid as a result of Defendant's willful failure to pay overtime in violation of section 7 of the Act, 29 U.S.C. §207.

66. Based on the violations of the aforesaid provisions of the Act, a judgment permanently enjoining and restraining the violations hereinafter alleged is specifically authorized by section 17 of the Act, 29 U.S.C. §217.

## **PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, Plaintiff, for himself and all other similarly situated employees, asks this Court to enter Judgment in favor of Plaintiff and against Defendant, awarding all appropriate relief, including:

1. An order conditionally certifying a group or groups of putative Opt-In Plaintiffs and approving a notice to be sent to all such class members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

2. A subsequent order definitively certifying the appropriate class or classes of similarly situated employees for whom a collective action under the Act will proceed to trial;

3. An award of all unpaid overtime compensation due any Plaintiff;

4. An award of liquidated damages in an equal additional amount to any Plaintiff who is awarded unpaid overtime compensation;

5. Enter judgment declaring that the acts and practices of the Defendant complained of herein are violations and willful violations of the FLSA;

6. For an order pursuant to section 17 of the Act permanently enjoining and restraining Defendants, its officers, agents, servants, employees, and all persons in active concert or participation with Defendants, from prospectively violating the provisions of sections 7, 15(a)(2) and 15(a)(3) of the Act;

7. For an order pursuant to section 17 of the Act enjoining and restraining Defendants, its officers, agents, servants and employees, and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found due Defendants' employees;

8. For an order awarding pre-judgment and post-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621;

9. For an order awarding all costs and attorneys' fees incurred for and on behalf of Plaintiffs; and

10. For an order granting such other and further legal or equitable relief as may be proper, necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Dated this 15th day of January, 2010        Respectfully submitted,

ATES LAW FIRM, P.C.

By: __/s/_____
John R. Ates, Esq. (VSB # 71697)
Ates Law Firm. P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
703-647-7501
703-229-6430
j.ates@ateslaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| JOHNNY JOYNER | ) |
| | ) |
| On behalf of himself and all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) ) |
| v. | ) |
| | ) |
| SOLVAY PHARMACEUTICALS, INC. | ) ) |
| Defendant. | ) ) |

### CONSENT TO OPT-IN AS A PLAINTIFF

I hereby consent to opt-in to become a party plaintiff in this representative FLSA action pursuant to 29 U.S.C. § 216(b). By filing this opt-in consent form, and in the event of lack of class certification, I do not intend to waive any individual rights that I have to proceed against the defendant pursuant to the FLSA, 29 U.S.C. § 201 et seq.

I understand that by filing this Consent To Opt-In, I will be bound by the judgment of the court on all issues in this case, whether favorable or not.

Name: _Johnny Joyner_

Address: _13707 Winterberry Terrace_
_Midlothian, Va. 23112_

Signature: _[signature]_

Dated: _January 15, 2009_