IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNY JOYNER, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:10CV36-HEH
)
SOLVAY PHARMACEUTICALS, INC., )
)
Defendant. )

## MEMORANDUM OPINION
(Denying Defendant's Motion to Transfer Venue)

This is an action against Solvay Pharmaceuticals, Inc., for violations of 29 U.S.C. § 201, *et seq.*, the Fair Labor Standards Act of 1938 ("FLSA"). The matter is presently before the Court on Defendant Solvay Pharmaceuticals, Inc.'s Motion to Transfer Venue (Dk. No. 18), filed on May 4, 2010. The parties have filed extensive memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated below, the Court will deny Defendant's Motion to Transfer Venue.

### I. Background

Solvay Pharmaceuticals, Inc. ("Solvay") is a national health care and medical research company headquartered in Marietta, Georgia.[1] Primarily, Solvay is engaged in the business of developing and manufacturing prescription drugs. As part of its business,

---

[1] On March 15, 2010, Solvay changed its name to Abbots Products, Inc.

Solvay hires sales representatives to promote its pharmaceutical products to physicians throughout the country.[2]

On August 15, 2001, Solvay hired Plaintiff Johnny Joyner ("Joyner") as a professional sales representative. Joyner was assigned to the Richmond, Virginia sales area. In his employment capacity, Joyner's main function consisted of promoting Solvay pharmaceutical products. Joyner did this by providing free samples of Solvay's products to physicians, providing breakfast and/or lunch to physicians and their staff, providing promotional materials to physicians, and entertaining physicians. Joyner performed these duties between the hours of 9:00 a.m. and 5:00 p.m., Monday through Friday. In addition, Joyner was required to provide his supervisor with daily activity reports, monitor his sample inventory, attend Solvay training and business meetings, and conduct seminars. Due to the time consuming nature of his promotional duties, Joyner claims he frequently had to perform these extra administrative tasks outside his normal forty-hour paid work week. Solvay does not pay overtime to any sales representative for work in excess of forty hours per week.

On January 15, 2010, Joyner filed a Complaint in this Court seeking declaratory relief, damages, and class action certification. Joyner alleges that since January 1, 2006, Solvay has been in violation of Sections 7 and 15(a)(2) of the FLSA. Specifically, Joyner

---

[2] Solvay does not have employees with the job title "sales representatives." Instead they have associate sales representatives, professional sales representatives, senior sales representatives, and executive sales representatives. For the purpose of this Motion, the Court will refer to these individual positions collectively as "sales representatives."

claims that Solvay willfully failed to pay its sales representatives one and one-half times their regular rate for each hour worked in excess of forty hours a week, willfully misclassified employees in sales representative positions as exempt from overtime pay requirements, and willfully failed to maintain accurate pay records. Joyner brings this action on behalf of himself and other similarly-situated Solvay sales representatives employed throughout the United States.[3]

On May 4, 2010, Solvay filed this Motion to Transfer Venue. Due to the potential certification of this suit as a collective action, Solvay contends that venue should be transferred to the district in which its headquarters is located, the Northern District of Georgia. Joyner opposes this transfer arguing that regardless of whether this case becomes a collective action, he has a right to pursue his claims in this Court.

## II. Standard of Review

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). "A party seeking such discretionary transfer bears the burden of demonstrating that the balance of convenience among the parties and

---

[3] Joyner asks the Court to certify this "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

3

witnesses is strongly in favor of the forum to which transfer is sought." *Nossen v. Hoy*, 750 F. Supp. 740, 742 (E.D. Va. 1990) [internal citation and emphasis in original omitted]. In order to determine if transfer of venue is appropriate, "this court must make two inquiries: (1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007) [internal citation omitted].

### A. Venue in Transferee Forum

Solvay requests that this Court transfer venue to the Northern District of Georgia. To do so, the Court must first "determine whether the proposed transferee court is one in which the action originally may have been brought." *BHP Int'l Inv., Inc. v. On-Line Exch., Inc.*, 105 F. Supp. 2d 493, 498 (E.D. Va. 2000). 28 U.S.C. § 1391(b) governs whether venue is proper in a particular forum when it states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

According to 28 U.S.C. § 1391(c), a corporate defendant such as Solvay is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Because Solvay is headquartered in Marietta, Georgia and is

subject to personal jurisdiction there, venue would be proper in the Northern District of Georgia.

### B. Balance of § 1404(a) Convenience and Justice Factors

"In deciding whether to grant transfer pursuant to § 1404(a), this court must consider the following four factors: (1) the plaintiff's [initial] choice of venue; (2) witness convenience and access; (3) the convenience of the parties; and (4) the interest of justice." *JTH Tax, Inc.*, 482 F. Supp. 2d at 736. "The burden to show that a transfer is proper rests on the movant." *Cognitronics Imaging Sys. v. Recognition Research Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000).

#### *1. Plaintiff's Choice of Venue*

"The initial choice of forum, from among those possible, is a privilege given to the plaintiff." *Medicenters of America, Inc. v. T & V Realty & Equip. Corp.*, 371 F. Supp. 1180, 1184-85 (E.D. Va. 1974). Accordingly, the "[p]laintiff's choice of venue is entitled to substantial weight, unless plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum." *Hanover Ins. Co. v. Paint City Contractors, Inc.*, 299 F. Supp. 2d 554, 556 (E.D. Va. 2004).

To overcome the substantial weight given to a plaintiff's choice of venue, Solvay must prove that Joyner's cause of action has little or no relation to the Eastern District of Virginia. Although Solvay claims that the potential certification of the collective action makes the Northern District of Georgia a more appropriate venue, the evidence currently before the Court suggests otherwise. Not only is Joyner a resident of Virginia, but his

employment by Solvay occurred exclusively in the Richmond sales area. Furthermore, Solvay's challenge to the Plaintiff's choice of forum relies solely on the assumption that this Court will certify the collective action and ignores the clear ties this claim has to the current venue. For these reasons, Joyner's choice of venue is entitled to substantial weight in this analysis.

### 2. *Witness Convenience and Access to Sources of Proof*

The second factor is "often the most important in balancing for a potential § 1404(a) transfer, but the influence of this factor may not be assessed without reliable information identifying the witnesses involved and specifically describing their testimony." *JTH Tax, Inc.*, 482 F. Supp. 2d at 737 [internal citation omitted]. "The party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003). However, "there is a tension in transfer motions between the duty to file such motions early in the action and the need to support that motion with affidavits identifying witnesses and the materiality of their testimony, information which may not be known until later in the case." *Id.* [internal citation omitted].

In its Motion, Solvay relies heavily on the assumption that certification of the collective action will require the parties to shift their attention to witnesses and evidence

located at the Solvay headquarters in Georgia. In doing so, Solvay argues that convenience dictates a transfer to this setting. But once again, Solvay relies on a premature assumption. With Joyner as the sole plaintiff presently before the Court, there is no need to speculate as to what added convenience the Georgia venue would provide if this claim becomes a collective action. Additionally, Solvay neither specifically identifies any witnesses nor offers any explanation as to why those witness may be unavailable in Richmond. For that reason, the witness convenience and access to proof prong does not justify a transfer of venue.

### 3. Party Convenience

The third factor of relevant consideration is the convenience of the parties. "When evaluating this factor, the logical starting point is a consideration of the residence of the parties." *JTH Tax, Inc.*, 482 F. Supp. 2d at 738 [internal citation omitted]. When Plaintiff files suit in its home forum, "convenience to parties rarely, if ever, operates to justify transfer." *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1259 (E.D. Va. 1988). Instead, transfer in this situation would merely "shift the balance of inconvenience" from Defendant to Plaintiff. *Id.*

Here, both parties have ties to the Eastern District of Virginia. With Joyner filing suit in his home forum and Solvay engaging in significant business activity in the Richmond area, convenience of the parties provides little grounds for transfer in this case.

In addition, Solvay fails to provide any reason, outside of the potential collective action context, why keeping the case in the Eastern District of Virginia would significantly inconvenience its defense. Therefore, requiring Joyner to litigate his claim in Georgia would simply "shift the balance of inconvenience" from Solvay to Joyner, offering no consequential basis to substantiate a transfer of venue. *Id.*

### 4. *Interest of Justice*

The last inquiry considers the interest of justice. The interest of justice prong "encompasses public interest factors aimed at systemic integrity and fairness." *Samsung Elecs. Co., Ltd. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 721 (E.D. Va. 2005) [internal citation omitted]. "Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity." *Id.* In determining fairness, courts look to "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of unfair trial, the ability to join other parties, and the possibility of harassment." *Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp. 2d 936, 940 (E.D. Va. 2002) [internal citation omitted].

Relying on these legal standards, this Court finds no interest of justice grounds to warrant transfer of venue. To the contrary, by filing a separate discrimination lawsuit against Solvay in the Eastern District of Virginia, Joyner provides a compelling rationale

to keep this FLSA case in its current venue.[4] Other than to rebut this argument against transfer, Solvay failed to meaningfully address the interest of justice prong in its briefs. Because it bears the burden to show why transfer is proper and the only issue presented involving systemic integrity or fairness came from Joyner, this last factor weighs against transfer.

### III. Conclusion

In balancing all of the relevant factors in 28 U.S.C. § 1404(a), this Court finds transfer to the Northern District of Georgia inappropriate at this time. Therefore, Defendant's Motion will be denied without prejudice. Defendant will have an opportunity to re-file this Motion should the Court certify Plaintiff's collective action.

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: May 27, 2010
Richmond, VA

---

[4] Joyner is also considering the filing of a retaliation claim against Solvay in the Eastern District of Virginia for his recent employment termination.